UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KIM SHIPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:07-CV-356 PS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Kim Shipley filed the present Complaint [DE1] on July 27, 2007, seeking this Court's review of an unfavorable decision regarding her application for benefits under the Social Security Act. This matter is before the Court on the Commissioner of Social Security's motion to dismiss [DE10], which asserts that Shipley's Complaint is untimely. Shipley has not responded to the Commissioner's Motion. For the reasons that follow, this Court agrees with the Commissioner, and therefore **GRANTS** his Motion.

## I.  BACKGROUND

According to the Complaint, Shipley is, and has been, disabled within the meaning of the Social Security Act due to a variety of medical ailments. (*See* Compl. ¶ IV.)[1] However, the Administrative Law Judge denied the requested benefits in a decision dated November 4, 2005. (*Id*. ¶ III.) Shipley sought review of the ALJ's decision from the Appeals Council, which

---

[1] As this matter is before the Court on a motion to dismiss, the Court accepts as true all well-pleaded allegations in the Complaint and draws all reasonable inferences from those facts in Shipley's favor. *See Moranski v. Gen. Motors*, 433 F.3d 537, 539 (7th Cir. 2005).

refused to review the decision in a letter dated May 22, 2007.  (*Id.*)  This action followed.

To the Court's knowledge, Shipley did not request an extension of time in which to file the present Complaint from the Appeals Council, nor does she assert that the statute of limitations has somehow been tolled or waived.  Rather, the Complaint simply asserts that the Appeals Council denied her request for review on May 22, 2007 and "thus, this action is timely commenced within sixty-five (65) days from the date of receipt."  (*Id.*)

## II.  DISCUSSION

Section 405 of Title 42 provides for judicial review of decisions made by the Commissioner of Social Security.  *See* 42 U.S.C. § 405(g).  *See also* 20 C.F.R. § 422.210.  However, such actions must commence "within sixty days after the mailing . . . of notice of [the challenged] decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  *See also Bowen v. City of New York*, 476 U.S. 467, 472 (1986); *Johnson v. Sullivan*, 922 F.2d 346, 355 (7th Cir. 1990).  Pursuant to his authority under 42 U.S.C. § 405, the Commissioner allows for an additional five days from the mailing of the notice.  *See* 20 C.F.R. § 422.210(c).  Specifically, the Regulation provides that the civil action for review of the Commissioner's decision :

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause.  For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

*Id.*  Thus, the 60-day statute of limitations is presumed to commence five days after the date of the notice from the Appeals Council.

In the present case, the notice of the Appeals Council's decision was dated May 22, 2007. (*See* Compl. ¶ III.)  In accordance with 20 C.F.R. § 422.210(c), Shipley is presumed to have received that notice by no later than May 27, and the sixty-day statute of limitations began on that day.  Thus, Shipley must have filed an action seeking review of the Commissioner's decision by July 26, 2007.  As noted above, Shipley's Complaint was filed the next day, July 27.  Therefore, it is presumptively untimely.  *See* 20 C.F.R. § 422.210(c).

To the Court's knowledge, Shipley did not seek to extend the time for filing her challenge.  Furthermore, she has not presented any reason to the Court for her untimeliness.  Instead, she simply asserts that her Complaint is timely.  (*See* Compl. ¶ III.)[2]  She is incorrect.

The Court is not unmindful of the fact that Shipley was a mere one day tardy in filing her Complaint.  Although "[f]oreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh . . . courts have to draw lines somewhere [and] statutes of limitation protect important social interests."  *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).  *See also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452-53 (7th Cir. 1990) ("Statutes of limitations are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application.").  The Supreme Court has made the important social interests even more clear in the context of Social Security cases.  *See Bowen*, 476 U.S. at 481 ("In addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to

---

[2]Shipley's assertion of timeliness misrepresents the statute of limitations.  She contends that the Complaint is timely because it was "commenced within sixty-five (65) days from the date of receipt."  (Compl. ¶ III.)  As explained above, the statute of limitations is 60 – not 65 – days from receipt of the notice of the decision.  The Commissioner presumes the claimant actually receives the notice five days after the notice's stated date.  *See* 20 C.F.R. § 422.210(c).

speedy resolution in a bureaucracy that processes millions of claims annually.  Thus, the limitation serves both the interest of the claimant and the interest of the Government.").  There is no just reason to withhold application of the statute of limitations in this case.  Therefore, the Court must find Shipley's Complaint to be time-barred.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim [DE10] is **GRANTED**.

**SO ORDERED.**

ENTERED: January 10, 2008

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
